IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL DEAN, | : | MOTION TO VACATE |
| BOP No. 57422-019, | : | 28 U.S.C. § 2255 |
|     Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:04-CR-72-HLM-WEJ-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 4:15-CV-34-HLM-WEJ |

**ORDER AND
FINAL REPORT AND RECOMMENDATION**

Movant, Christopher Michael Dean, confined in the United States Penitentiary in Terre Haute, Indiana, submitted a Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [157, 157-1] ("Motion to Vacate"). The government filed a Response in opposition [169], and movant filed a Reply [170]. Movant also filed a Motion to Compel Ruling [171], which is **GRANTED** only insofar as the present Order and Final Report and Recommendation provides the requested ruling. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

**I.      DISCUSSION**

In a superseding indictment filed on June 14, 2005, movant and Ricardo Curtis Lopez were charged with (1) conspiracy to commit armed bank robbery, in violation

of 18 U.S.C. § 1951(a) (count one), and (2) aiding and abetting the use, carrying, possession, and discharge of a firearm during the armed bank robbery, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(iii) (count two) [27]. On May 4, 2006, a jury found movant guilty of both counts [84]. On August 31, 2006, the District Court sentenced movant to 220 months of imprisonment, followed by five years of supervised release [94].[1]

The United States Court of Appeals for the Eleventh Circuit affirmed movant's convictions on February 20, 2008 [145]. See United States v. Dean, 517 F.3d 1224 (11th Cir. 2008). The United States Supreme Court affirmed on April 29, 2009. See Dean v. United States, 556 U.S. 568 (2009). Movant executed the Motion to Vacate on February 18, 2015. (Mot. Vacate [157-1] 4.)

The Motion to Vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which

---

[1] The District Court also ordered movant to pay a special assessment of $200.00 and restitution of $2,605.00. Movant now asks the Court "to amend [the Judgment and Commitment] to reflect no fines, assessments, or restitution due" because the Bureau of Prisons has threatened to punish him if he fails to pay. (Mot. Vacate [157-1] 3-4.) Movant states that the possible punishments include "work type, housing, work pay, rehabilitation program access, and commissary restrictions." (Id. at 4.) The Court should deny movant's request because he is obligated to pay the special assessment and restitution regardless of any alleged threats of punishment for failure to pay.

2

(1) movant's convictions became final; (2) a government impediment to making the Motion to Vacate was removed; (3) a right that movant asserts was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims.  See 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), the Motion to Vacate is untimely because movant executed it nearly six years after the Supreme Court affirmed his convictions.  Movant asserts that the Motion to Vacate is timely under § 2255(f)(3) because he executed it less than one year after Rosemond v. United States, 134 S. Ct. 1240 (2014), which was decided on March 5, 2014.  The government agrees with movant that "Rosemond announced a new substantive rule that is retroactively applicable to cases on collateral review . . . ." (Resp. 4 n.1.)

The United States Court of Appeals for the Seventh Circuit has determined that Rosemond is retroactively applicable to cases on collateral review.  See Montana v. Cross, No. 14-3313, 2016 WL 3910054, at *7 (7th Cir. July 19, 2016).  However, "[t]he Supreme Court has not declared Rosemond to be retroactive on collateral review, and [district courts in Alabama, New York, North Carolina, Tennessee, and Texas have] determined Rosemond is not."  Ford v. United States, Nos. 1:15-cv-34 & 1:07-cr-167,

3

at *4 (S.D. Ga. July 6, 2016). Thus, the retroactive applicability of Rosemond to cases on collateral review is unsettled.

Even if Rosemond is retroactively applicable to cases on collateral review, which would make the Motion to Vacate timely, movant is not entitled to relief on the merits.[2] Movant challenges only his conviction on count two of the superseding indictment, namely, aiding and abetting the use, carrying, possession, and discharge of a firearm during the armed bank robbery charged in count one, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(iii). (Mot. Vacate [157-1] 2-4.) Under Rosemond, the government is required to "prov[e] that the defendant actively participated in the underlying . . .

---

[2] A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)).

AO 72A
(Rev.8/82)

violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond, 134 S. Ct. at 1243.

As the Supreme Court noted, movant "admitted [at trial] that he had committed the robbery . . . ." Dean, 556 U.S. at 570. The Eleventh Circuit summarized the following facts showing that movant himself used, carried, possessed, and discharged the firearm during the bank robbery:

> [Movant and his confederate, Lopez,] were brothers-in-law who cohabitated . . . . [O]n November 10, 2004, a masked man entered the bank around 10:00 a.m. The individual, later identified as [movant], through his own confession, carried a pistol and yelled at everyone to get on the ground. [Movant] approached the teller stations, opened the security gate, and gained access to the teller area. Once inside the teller area, [movant] removed bills of currency from the drive-through teller drawer with his left hand, while holding the pistol with his right hand. Next, [movant] approached the head teller station. The head teller was on her knees below the station. [Movant] reached over the crouched teller and with his left hand started taking money from the teller drawer. As he was grabbing the money, [movant] discharged the gun in his right hand, leaving a bullet hole in the partition between the two teller work stations. Upon discharge, [movant] cursed himself as if the shot was inadvertent. Immediately after the shot, [movant] grabbed as much money as he could from the head teller drawer and ran out of the bank. . . .
>
> After their arrest, both Lopez and [movant], at different times, claimed responsibility for the robbery. The government maintained that the evidence supported finding that [movant] and Lopez conspired to rob [the bank] based upon (1) their cohabitation; (2) joint drug debt; (3) Lopez's knowledge of the robbery's factual details; (4) and Lopez's possession of the firearm used in the bank robbery.

Dean, 517 F.3d at 1226-27. The foregoing facts show that movant actively participated in the robbery and knew in advance that a firearm would be involved because he used, carried, possessed, and discharged it during the robbery. Unlike the defendant in Rosemond, movant did not claim that he was surprised by the involvement of a firearm in the robbery. See Rosemond, 134 S. Ct. at 1245-46. Therefore, movant is not entitled to § 2255 relief based on Rosemond.[3]

Movant also argues that he did not intend to discharge the firearm. (See Reply 1.) However, the Supreme Court decided that "[s]ection 924(c)(1)(A)(iii) requires no separate proof of intent" to discharge a firearm during a violent crime, "whether on purpose or by accident." Dean, 556 U.S. at 577. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)

---

[3] As the government points out, to the extent that the jury instructions in movant's criminal case did not comply with Rosemond, that noncompliance would be harmless for the following reason: Because movant does not challenge his conviction for conspiracy to commit armed bank robbery, he necessarily had "advance knowledge" of the involvement of a firearm, as required by Rosemond. (See Resp. 4-8 (citing United States v. Hector, 611 F. App'x 632, 637-39 (11th Cir. 2015) (per curiam).) However, the government fails to address whether the jury instructions in movant's criminal case actually did not comply with Rosemond. The undersigned determines that the government's argument is unnecessary because movant used, carried, possessed, and discharged a firearm during the robbery.

AO 72A
(Rev.8/82)

(quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)). Thus, movant cannot obtain § 2255 relief by raising the issue of intent to discharge the firearm.

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner

AO 72A
(Rev.8/82)

shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Jimenez v. Quarterman</u>, 555 U.S. 113, 118 n.3 (2009) (citing <u>Slack</u>, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III.   CONCLUSION

For the reasons stated above, movant's Motion to Compel Ruling [171] is **GRANTED** only insofar as the present Order and Final Report and Recommendation provides the requested ruling. The undersigned **RECOMMENDS** that the Motion to Vacate [157, 157-1] be **DENIED** and that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

AO 72A
(Rev.8/82)

**SO ORDERED AND RECOMMENDED**, this 30th day of August, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)