# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

CHRISTOPHER MICHAEL DEAN,

v.

CRIMINAL ACTION FILE
NO.: 4:04-CR-072-02-HLM-WEJ

CIVIL ACTION FILE NO.:
4:15-CV-0034-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [157], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [174], and on Petitioner's Objections to the Final Report and Recommendation [176].

AO 72A
(Rev.8/8
2)

## I. Standard of Review for a Report and Recommendation

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

At the outset, the Court notes that Petitioner's contention that the Final Report and Recommendation is unauthorized because Petitioner did not consent to Judge Johnson presiding over this case is misplaced. (Objections at 1.) The Chief United States District Judge for the Northern District of Georgia has issued a Standing Order designating the Magistrate Judges of this Court "to hear and determine any pretrial matters pending before the Court and

3

to conduct hearings and submit reports and recommendations to the full extent allowed by 28 U.S.C. § 636(b)(1)(A) and (b)," in certain categories of cases, including "[a]ll non-death penalty habeas corpus petitions or other petitions challenging a criminal conviction or sentence, including, but not limited to, petitions filed pursuant to 28 U.S.C. §§ 2241, 2254 or 2255." Standing Order 14-01 at 1-2. In light of this Standing Order, this portion of Petitioner's Objections is clearly without merit. Likewise, Petitioner's contention that Judge Johnson lacked authority to enter a ruling on his Motion to Compel fails. (Objs. at 1-2.)

## II. Background

On June 14, 2005, a federal grand jury sitting in the Northern District of Georgia returned a first superseding

4

indictment against Petitioner and a co-defendant, Ricardo Curtis Lopez. (First Superseding Indictment (Docket Entry No. 27).) Count one of the first superseding indictment charged Petitioner and Mr. Lopez with conspiring to commit armed bank robbery, in violation of 18 U.S.C. § 1951(a). (Id. at 1.) Count two of the first superseding indictment charged Petitioner and Mr. Lopez with aiding and abetting the use, carrying, possession, and discharge of a firearm during the armed bank robbery, in violation of 18 U.S.C. § 941(c)(1)(A)(iii) and 18 U.S.C. § 2. (Id. at 2.)

Petitioner and Mr. Lopez proceeded to a trial before a jury. (Docket Entry Nos. 78-82, 84.) On May 4, 2006, a jury found Petitioner guilty of both counts. (Docket Entry No. 84.)

AO 72A
(Rev.8/8

On August 31, 2006, the Court sentenced Petitioner to 100 months of imprisonment as to count one, to run consecutively to the term of imprisonment imposed on count two, and to be followed by three years of supervised release, to run concurrently with the supervised release term imposed on count two, and to 122 months of imprisonment on count two, to be served consecutively to the term of imprisonment imposed on count one, and to be followed by five years of supervised release, to run concurrently with the term of supervised release imposed on count one. (Docket Entry No. 92.)[1]. On September 5,

---

[1] The Court also ordered Petitioner to pay a special assessment of $200.00 and restitution of $2,605.00. The Court denies Petitioner's request in his § 2255 Motion that the Court amend his Judgment and Commitment to delete those items. Petitioner is obligated to pay the special assessment and restitution, regardless of any alleged threats of punishment for failure to pay. The Court observes that "'a petitioner who failed to contest a restitution order either at sentencing or on direct appeal

6

2006, the Court entered its Judgment and Commitment Order as to Petitioner. (Docket Entry No. 94.)

Petitioner appealed. (Docket Entry No. 95.) On February 20, 2008, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions. <u>United States v. Dean</u>, 517 F.3d 1224 (11th Cir. 2008). On

---

cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances,'" which "'are analogous to a showing of cause and prejudice to overcome a procedural default for raising a claim for the first time in a habeas corpus petition.'" <u>Austin v. United States</u>, 368 F. App'x 53, 53 (11th Cir. 2010) (per curiam) (quoting <u>United States v. Prouty</u>, 303 F.3d 1249, 1280-81 (11th Cir. 2002)). Although the Eleventh Circuit has held that a district court cannot delegate its authority to set a restitution payment schedule under the Mandatory Victims Restitution Act to the Bureau of Prisons, <u>Prouty</u>, 303 F.3d at 1254-55, a defendant must raise an improper delegation claim at sentencing or on direct appeal or show exceptional circumstances to excuse the failure. <u>Austin</u>, 368 F> App'x at 53. Petitioner has not demonstrated that he challenged the restitution aspect of his sentence at sentencing or on direct appeal, and he has not shown exceptional circumstances. Petitioner therefore may not raise his improper delegation challenge in his § 2255 Motion, and the Court overrules this portion of Petitioner's Objections. (Objs. at 4.)

7

April 29, 2009, the United States Supreme Court affirmed. Dean v. United States, 556 U.S. 568 (2009).

On February 18, 2015, Petitioner executed his § 2255 Motion. (§ 2255 Mot. (Docket Entry No. 157-1) at 4.) On August 30, 2016, Judge Johnson issued his Order and Final Report and Recommendation. (Docket Entry No. 174.) Judge Johnson recommended that the Court deny Petitioner's § 2255 Motion. (Id.)

Petitioner has filed Objections to the Order and Final Report and Recommendation. (Docket Entry No. 176.) The Court finds that no response from the Government is necessary, and concludes that the matter is ripe for resolution.

## III. Discussion

The Court agrees with Judge Johnson that Petitioner's § 2255 Motion ordinarily would be untimely, and that it is unclear in this Circuit whether Rosemond v. United States, 134 S. Ct. 1240 (2014), which was decided on March 5, 2014, applies retroactively to cases on collateral review. (Order & Final Report & Recommendation (docket Entry No. 174) at 3-4.) Even if Rosemond applies retroactively to cases on collateral review, making the § 2255 Motion timely, it does not entitle Petitioner to relief. (Id. at 7.) Rosemond requires that the government "prov[e] that the defendant actively participated in the underlying . . . violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond, 134 S. Ct. at 1243. Petitioner admitted at trial that he committed

9

the robbery. Dean, 556 U.S. at 570. Further, the Eleventh Circuit summarized a number of facts showing that Petitioner himself used, carried, possessed, and discharged the firearm during the bank robbery. Dean, 517 F.3d at 1226-27. The Court agrees with Judge Johnson that those "facts show that [Petitioner] actively participated in the robbery and knew in advance that a firearm would be involved because he used, carried, possessed, and discharged it during the robbery." (Order & Final Report & Recommendation at 6.) Moreover, unlike the defendant in Rosemond, Petitioner did not claim that he was surprised by the involvement of a firearm in the robbery. Rosemond, 134 S. Ct. at 1245-46. The Court agrees with Judge Johnson that Petitioner cannot obtain relief under § 2255 based on Rosemond. (Order & Final Report & Recommendation at

10

AO 72A
(Rev.8/8

6.)² With all due respect to Petitioner, nothing in his Objections warrants a different result, and the Court therefore overrules this portion of the Objections. (Objs. at 2.)

To the extent that Petitioner argues that he did not intend to discharge the firearm, the Supreme Court already rejected this argument. See Dean, 556 U.S. at 577 (concluding that "[s]ection 924(c)(1)(A)(iii) requires no separate proof of intent" to discharge a firearm during a violent crime, "whether on purpose or by accident").

---

²Even if the jury instructions in Petitioner's criminal case did not comply with Rosemond, that noncompliance would be harmless because Petitioner does not challenge his conviction for conspiracy to commit armed bank robbery, and he therefore necessarily had "advance knowledge" of the involvement of a firearm, as Rosemond requires. (Order & Final Report & Recommendation at 6 n.3.) With all due respect to Petitioner, nothing in his Objections warrants a different conclusion. (Objs. at 2-3.) The Court therefore overrules this portion of Petitioner's Objections.

11

Petitioner may not re-litigate this issue in his § 2255 Motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Petitioner therefore cannot obtain relief under § 2255 based on this argument, and the Court overrules Petitioner's objections on this point. (Objs. at 3.)

Finally, Petitioner argues in his Objections that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). (Objs. at 3.) The Court rejects this argument because it finds that Johnson's holding does not extend to 18 U.S.C. § 924(c), the statute under which Petitioner was convicted.[3] The Court therefore overrules this portion of

---

[3] "Federal law forbids certain people–such as convicted felons, persons committed to mental institutions, and drug users–to ship possess, and receive firearms." Johnson, 135 S. Ct. at 2555; see also 18 U.S.C. § 922(g) (making it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or

affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce"). "In general, the law punishes violations of this ban by up to 10 years' imprisonment." Johnson, 133 S. Ct. at 2555; see also 18 U.S.C. § 924(a)(2) (providing that a person who "knowingly violates" § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both"). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the [Armed Career Criminals Act ("ACCA")] increases his prison term to a minimum of 15 years and a maximum of life." Johnson, 133 S. Ct. at 2555; see also 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years[.]").

The ACCA states, in relevant part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct

13

that presents a serious potential risk of physical injury to another," id., has "come to be known as the [ACCA's] residual clause." Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court found that the residual clause is void for vagueness, and that imposing an increased sentence under the residual clause violates due process. Id. at 2555-63. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court concluded that Johnson announced a substantive rule that applied retroactively on collateral review. 136 S. Ct. at 1264-65.

Petitioner appears to argue that Johnson's holding applies equally to 18 U.S.C. § 924(c). For the following reasons, the Court disagrees. 18 U.S.C. § 924(c) criminalizes the use or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime" that is itself a violation of federal law. 18 U.S.C. § 924(c)(1)(A). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is commonly referred to as the use of force clause, while subsection (B) of § 924(c)(3) is commonly referred to as the residual clause. United States v. Rivera, Case No. 8:15-cr-337-T36-TBM, 2016 WL 43827190, at *2 (M.D. Fla. Aug. 17, 2016). For purposes of § 924, "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the

14

Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2).

The Eleventh Circuit has hinted that Johnson may not implicate the validity of a crime of violence, as defined in § 924(c)(3). See In re Colon, 826 F.3d 1301, 1304 (11th Cir. 2016) ("Johnson did not address the definition for 'crime of violence' under § 924(c)(3), and . . . the ACCA residual clause and the § 924(c)(3)(B) residual clause have somewhat different language." (footnote omitted)); In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016) ("Johnson rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3). Further, our Court has not held that Johnson invalidates § 924(c)(3)(B)." (footnote omitted)); United States v. Fox, No. 15-11741, --- F. App'x ---, 2016 WL 3033067, at *2 (11th Cir. May 27, 2016) ("Johnson did not expressly invalidate the crime-of-violence definition in § 924(c)(3)(B) or even broadly condemn criminal laws using risk-based terms. Nor is it clear that [Johnson's] reasoning regarding the ACCA's residual clause applies with equal force to § 924(c)(3)(B). Section 924(c)(3)(B)'s definition of crime of violence may require gauging the riskiness of conduct by reference to an idealized ordinary case of the crime, but it does not link[] a phrase such as substantial risk to a confusing list of examples, as the residual clause does. In addition, [the appellant] has not shown that § 924(c)(3)(B) has been subject to the same kind of uncertainty in application as the residual clause." (second alteration in original) (internal quotation marks and citations omitted)). The United States Courts of Appeals for the Second, Sixth, and Eighth Circuits have concluded that Johnson does not apply to § 924(c)'s residual clause. United States v. Hill, --- F.3d ---, ---, 2016 WL 4120667, at *8-12 (2d Cir. Aug. 3, 2016); United States v. Prickett, --- F.3d ---, ---, 2016 WL 4010515, at *1 (8th Cir. July 27, 2016) (per curiam); United States v. Taylor, 814

15

F.3 340, 375-79 (6th Cir. 2016). Another court in this Circuit agreed, reasoning:

> Johnson is distinguishable from the present case because several of the factors that caused the Supreme Court to find the ACCA's Residual Clause vague are not present in the Residual Clause of § 924(c)(3)(B). Section 924(c)'s risk of physical force is narrower than the ACCA's risk of physical injury to another. In addition, unlike the ACCA Residual Clause, the Residual Clause at issue here: (i) is not preceded by four enumerated offenses that create uncertainty about how much risk it takes from a crime to qualify as a violent felony, (ii) has not created significant disagreement among lower courts, and (iii) has not been subject to several failed attempts by the Supreme Court to construe the clause in a principled and objective manner. Also, the Johnson case was the fifth case in a series of attempts to construe the ACCA Residual Clause. Thus, the Supreme Court concluded in Johnson that the persistent efforts in the prior four cases to establish a [principled and objective] standard provide[d] evidence of vagueness in the ACCA Residual Clause. In contrast to the ACCA's Residual Clause, Section 924(c)(3)(B)'s Residual Clause has not been subject to repeated failures to construe it in a principled and objective way, and therefore does not lead to applications that are unexpected and indefensible by reference to the law which had been [previously] expressed.

Rivera, 2016 WL 4382710, at *2 (alterations in original) (internal quotation marks and citations omitted). The Court agrees with the

16

Petitioner's Objections.

In sum, the Court agrees with Judge Johnson that Petitioner is not entitled to relief under § 2255. Further, for the reasons set forth in the Order and Final Report and Recommendation, the Court declines to issue a certificate of appealability. (Id. at 7-8.)[4] The Court therefore adopts the Order and Final Report and Recommendation, overrules Petitioner's Objections, and denies Petitioner's § 2255 Motion.

---

reasoning of the courts that have concluded that Johnson does not apply to § 924(c)'s residual clause. Consequently, the Court finds that Johnson's holding does not apply to § 924(c).

[4]Nothing in Petitioner's Objections demonstrates that Petitioner is entitled to a certificate of appealability. (Objs. at 2-3.) Petitioner may, of course, request a certificate of appealability directly from the Eleventh Circuit.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Order and Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [174], **OVERRULES** Petitioner's Objections to the Order and Final Report and Recommendation [176], and **DENIES** Petitioner's § 2255 Motion [157]. The Court **DECLINES** to issue a certificate of appealability. Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:15-CV-0034-HLM-WEJ.

IT IS SO ORDERED, this the 20th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE